Slip Op. 07-174

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                        :
FORMER EMPLOYEES OF
      BMC SOFTWARE, INC.,                :

                         *Plaintiffs*,   :
                                                            Court No. 04-00229
                  v.                     :

UNITED STATES SECRETARY OF LABOR,        :

_____ *Defendant*.        :
_____

[Calculating award to Plaintiffs for attorneys' fees and expenses under the Equal Access to Justice Act.]

Dated:  November 28, 2007

Miller & Chevalier Chartered (James B. Altman and Kathleen T. Wach), for Plaintiffs.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Jane C. Dempsey), for Defendant.

**MEMORANDUM OPINION**

RIDGWAY, Judge:

In this action, former employees of Houston, Texas-based BMC Software, Inc. ("the Workers") successfully challenged the determination of the U.S. Department of Labor denying their petition for certification of eligibility for trade adjustment assistance ("TAA") benefits.  *See generally* Former Employees of BMC Software, Inc. v. U.S. Sec'y of Labor, 30 CIT ____, 454 F. Supp. 2d 1306 (2006) ("BMC I").  The Workers were subsequently awarded attorneys' fees and expenses under the Equal Access to Justice Act ("the EAJA"), in an amount to be finally ascertained

in accordance with the principles set forth in Former Employees of BMC Software, Inc. v. U.S.

Sec'y of Labor, 31 CIT ____, 2007 WL 2994605, Slip Op. 07-150 (2007) ("BMC II").

Specifically, BMC II directed the Workers to file certain additional information required to

calculate the precise amount of their fee award – that is, information on the employment status of

each individual whose time was reflected in the Workers' Application for Fees and Other Expenses

Pursuant to the Equal Access to Justice Act (the "EAJA Application"), as well as information on the

cost per hour to the law firm representing the Workers of each paralegal/legal assistant, law clerk,

summer associate, and other non-attorney whose time was reflected in the Workers' EAJA

Application. *See* BMC II, 31 CIT at ____, 2007 WL 2994605 at * 38, Slip Op. 07-150 at 91-92; *see*

*also* Order (Oct. 15, 2007).

Now pending before the Court is the Workers' Supplement to the Application for Attorneys

Fees and Costs ("Pls.' Supplement"), as well as the Government's Response thereto. *See*

Defendant's Response to Plaintiffs' Supplement to the Application for Attorney Fees and Costs

("Def.'s Response"). The Workers' Supplement advises that they "understand and accept the

Court's decision [in BMC II] to disallow certain fees and expenses." *See* Pls.' Supplement at 2.

In accordance with the parties' submissions, and in furtherance of BMC I and BMC II, the

Workers are awarded a total of $ 26,930.47 for services rendered by attorneys and non-attorneys,

as well as $ 277.65 in other expenses incurred, as outlined in greater detail below.

## I. Analysis

BMC II analyzed the Workers' EAJA Application in painstaking detail, as well as the

Government's objections thereto, rejecting the Government's threshold argument that its underlying

position had been "substantially justified," and that an award of attorneys' fees and expenses was therefore unwarranted. *See generally* <u>BMC II</u>, 31 CIT at ____, 2007 WL 2994605 at ** 8-18, Slip Op. 07-150 at 16-41. <u>BMC II</u> similarly rejected most of the Government's objections to the time expended by the Workers' counsel. *See generally* <u>BMC II</u>, 31 CIT at ____, 2007 WL 2994605 at ** 18-40, Slip Op. 07-150 at 42-94.

However, <u>BMC II</u> disallowed certain hours devoted to public relations and government relations-type work, because the specific tasks at issue could not be said to have been "related to the successful representation of [the] client." *See* <u>BMC II</u>, 31 CIT at ____, 2007 WL 2994605 at ** 35-36, Slip Op. 07-150 at 85-86 (*quoting* <u>Davis v. City and County of San Francisco</u>, 976 F.2d 1536, 1545 (9th Cir. 1992), *reh'g denied*, *vacated in part*, *and remanded*, 984 F.2d 345 (1993)). Specifically, <u>BMC II</u> disallowed the time reflected in an entry dated March 2, 2005, which was devoted to "[d]raft[ing] [a] description of BMC representation for pro bono publication" – a total of 0.5 hours. *See* <u>BMC II</u>, 31 CIT at ____, 2007 WL 2994605 at * 35, Slip Op. 07-150 at 85. Also disallowed was the time reflected in a March 7, 2005 billing entry – a total of 0.75 hours spent to "[p]repare proposed draft of revised TAA statute . . . ; research regarding same." *See* <u>BMC II</u>, 31 CIT at ____, 2007 WL 2994605 at ** 35-36, Slip Op. 07-150 at 85-86.

<u>BMC II</u> similarly disallowed time expended on internal law firm administrative matters related to client billing. *See* <u>BMC II</u>, 31 CIT at ____, 2007 WL 2994605 at ** 36-37, Slip Op. 07-150 at 86-87. Disallowed in their entirety were the 0.75 hours spent on "[d]iscussion . . . regarding issue of recovery of legal fees language for retainer letter; revis[ing] letter to reflect same," documented in an August 4, 2004 entry; the 0.5 hours spent to "[i]nvestigate whether retainer letters

have been received from all clients; e-mail . . . regarding missing letter," recorded in an October 27, 2004 entry; and the 0.25 hours spent to "[e]-mail client regarding mailing of follow-up retainer," reported in an entry dated October 28, 2004.  In addition, an entry dated July 21, 2004 (which recorded time devoted to numerous tasks, including "complet[ing] new matter form") and an entry dated August 1, 2004 (which documented time devoted to various tasks, including "[d]raft[ing] retainer letter") were docked 0.25 hours and 0.75 hours, respectively.  *See id.*

BMC II further disallowed the 0.25 hours recorded in an entry dated July 20, 2005 – time spent "[l]ocat[ing] case-related materials" after all briefing in the underlying litigation had been completed, where there was no indication that the need to locate the file at that time was for the benefit of the Workers.  *See* BMC II, 31 CIT at ____, 2007 WL 2994605 at * 37, Slip Op. 07-150 at 87.

In addition, BMC II noted that various litigation support tasks documented in the billing records submitted with the Workers' EAJA Application were "best characterized as paralegal work," and thus were not compensable at attorneys' rates or subject to a cost of living adjustment.  *See* BMC II, 31 CIT at ____, 2007 WL 2994605 at ** 37-38, Slip Op. 07-150 at 88-92.  However, as BMC II further explained, where such tasks implicate some level of specialized training or experience (even though they do not necessarily require a law degree), the work is compensable under the EAJA at a lower rate.  *See* BMC II, 31 CIT at ____, 2007 WL 2994605 at * 37, Slip Op. 07-150 at 89 (citation and footnote omitted).

BMC II specifically identified as paralegal-type work the 3.0 hours devoted to "[f]iling for CIT password; researching case docket, court rules and forms," recorded in a July 16, 2004 entry;

the 2.5 hours spent "[p]rinting out case documents from docket database; preparation of draft PO

subscriptions," documented in a July 20, 2004 entry; the 3.5 hours devoted to "[p]reparation and

filing of Motion, Order, PO Subscriptions, and Stipulation at Court of International Trade; service

of government and clients; copying and organizing documents for case file," reported in a July 22,

2004 entry; the 2.5 hours spent on "[r]outing and distribution of service copies of letter and proposed

order to government and clients; researching and printing court rules re: time computation and

service procedures," recorded in a July 27, 2004 entry; the 0.5 hours spent "[o]rganiz[ing] materials

and coordinat[ing] creation of case file in Records Department," reported in an entry dated August

5, 2004; the 1.0 hour spent "[r]eview[ing] CIT website for instructions on filing documents

electronically . . . ; conference . . . regarding attention to CIT filing issues," documented in a January

18, 2005 entry; the 1.0 hour devoted to "[p]repar[ation] [of] service copies and a Certificate of

Service for a BMC filing . . . .," reported in a February 11, 2005 entry; and the 0.75 hours spent on

the same tasks, documented in a February 15, 2005 entry. *See* BMC II, 31 CIT at ____ & nn.82, 85,

2007 WL 2994605 at * 37 & nn.82, 85, Slip Op. 07-150 at 88-90 & nn.82, 85.

The entries listed immediately above – with the exception of the entry dated August 5, 2004

– reflect time that was, in fact, billed by non-attorneys. *Compare* EAJA Application *with* Pls.'

Supplement at 1 (specifying employment status of timekeepers). Compensable work that is actually

done by paralegals/legal assistants, law clerks, summer associates, and other non-attorneys is

compensable only at the cost to the law firm. *See* BMC II, 31 CIT at ____, 2007 WL 2994605 at

* 38, Slip Op. 07-150 at 90-91 (discussing Richlin Sec. Serv. Co. v. Chertoff, 472 F.3d 1370 (Fed.

Cir. 2006), *cert*. *granted*, 76 U.S.L.W. 3253 (U.S. Nov. 13, 2007) (No. 06-1717)). Thus, both

because the work at issue was performed by non-attorneys *and* (independently) because of the nature of the work, the time documented in the entries listed above – with the exception of the time reflected in the August 5, 2004 entry – is compensable only at the cost to the law firm (a figure that is discussed further below). Moreover, due to the nature of the work documented in the August 5, 2004 entry, the time recorded there is also compensable only at a non-attorney rate, even though the work was actually performed by an attorney. *See generally* <u>BMC II</u>, 31 CIT at _____ n.84, 2007 WL 2994605 at * 37 n.84, Slip Op. 07-150 at 89 n.84.

Further, an entry dated July 23, 2004 records time spent on "[r]esearch regarding federal government policy on alternative dispute resolution . . . ." <u>BMC II</u> rejected the Government's argument that that time should be disallowed because the research bore "no direct relation to the litigation of [the Workers'] claims." *See* <u>BMC II</u>, 31 CIT at _____, 2007 WL 2994605 at ** 34-35, Slip Op. 07-150 at 81-84 (citation omitted). However, the Workers' Supplement now makes it clear that the research was performed by a non-attorney. *See* Pls.' Supplement at 1. Accordingly, the 0.5 hours spent on the research is similarly compensable only at a non-attorney rate (that is, at the cost to the law firm).

Finally, <u>BMC II</u> deducted 2.0 hours from the 20.75 hours devoted to the preparation of the Workers' fee application, because the Workers did not prevail on their claim to a "special factors" enhancement of their fee award. *See* <u>BMC II</u>, 31 CIT at _____, 2007 WL 2994605 at **38-40, 52, Slip Op. 07-150 at 92-94, 124.

Taking into account the various deductions and disallowances summarized above, the Workers are entitled to an award of fees for a total of 102.5 hours of attorney time expended in 2004,

52.0 hours of attorney time expended in 2005, and 20.75 hours of attorney time expended in 2006, as well as an award for a total of 15.25 hours of non-attorney time expended from 2004 through 2006.

All time in this action was billed at rates greater than the statutory fee cap of $125 per hour. BMC II therefore held that the Workers' counsel were entitled to an appropriate cost of living adjustment. As set forth in BMC II, the applicable EAJA caps (adjusted to reflect cost of living increases) are $147.63 per hour for attorney hours expended in 2004, $153.38 per hour for attorney hours expended in 2005, and $158.50 per hour for attorney hours expended in 2006. *See* BMC II, 31 CIT at ____, 2007 WL 2994605 at ** 54-55, Slip Op. 07-150 at 129-30. Further, the Workers have requested an award of $35.00 per hour for non-attorney hours, a figure which the Government has advised is acceptable. *See* Pls.' Supplement at 2; Def.'s Response at 2.[1]

---

[1]The Workers' Supplement explains the derivation of the figure of $35.00 per hour:

In accordance with [BMC II] and with the decision in Richlin Security Service Co. v. Chertoff, 472 F.3d 1370 (Fed. Cir. 2006), counsel for the Workers understands that the paralegal work involved in this matter should be reimbursed to the firm as an expense, not as fees. However, Richlin did not provide an analysis of the methodology used to calculate this expense. Instead, the Department of Transportation's Board of Contract Appeals "took 'judicial notice of paralegal salaries in the Washington DC area . . . [and] awarded paralegal expenses at a rate of $35 per hour," which the Court accepted. *Id*. at 1374. Rather than attempt to separately determine the actual cost to the firm for the non-attorneys . . . who worked on this matter, counsel for [the] Workers request that this same amount ($35/hour) be applied to determine these expenses here.

Pls.' Supplement at 1-2.

## II.  Conclusion

So calculated, the Workers are entitled to an award of $ 26,930.47 for services rendered by attorneys and non-attorneys in this matter, in addition to $ 277.65 for other expenses incurred, for a total of $ 27,208.12.  *See* BMC II, 31 CIT at ____, 2007 WL 2994605 at * 55, Slip Op. 07-150 at 131-32 (discussing award of expenses).

Accordingly, pursuant to the EAJA, Defendant shall pay to Plaintiffs a total of $ 27,208.12 for reasonable attorneys' fees and expenses incurred in this action.

So ordered.

```
                                          /s/ Delissa A. Ridgway
_____
                                            Delissa A. Ridgway
                                                  Judge
```

Dated:  November 28, 2007
           New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.


Tina Potuto Kimble
Clerk of the Court


Date: _____    By: _____

Deputy Clerk